# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2013

Lyle W. Cayce
Clerk

No. 12-30995
Summary Calendar

FRANK BOATSWAIN,

Petitioner-Appellant

v.

RICARDO MARTINEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-704

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Frank Boatswain, federal prisoner # 73907-053, appeals the dismissal for failure to state a claim of his 28 U.S.C. § 2241 petition, challenging his disciplinary conviction and resulting loss of good-time credits. We review the district court's dismissal *de novo*. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

As he did below, Boatswain argues that his prison disciplinary proceedings failed to comport with due process. Specifically, he complains that the prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provided inadequate notice of the disciplinary charge when it failed to follow its own rules regarding delivery of notice. He further asserts that he is actually innocent and did not commit the charged violation.

The prison's "failure to follow its own procedural regulations does not establish a violation of due process" absent some showing of resulting prejudice. *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *see Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Boatswain does not demonstrate that he was prejudiced by the allegedly improper delivery of notice, making no allegation that the improper delivery impeded his ability to defend against the charged violation. Moreover, his own pleadings establish that he received advance written notice of the charge and was provided the opportunity to be heard, both at an initial hearing and at the disciplinary hearing, at which he gave a statement in defense of the charge and presented the testimony of a witness. Boatswain thus received all of the process to which he was entitled, and his due process rights were not violated. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Although he renews his assertion that he did not commit the charged violation, Boatswain does not brief any argument challenging the district court's conclusion that some evidence supported the disciplinary conviction, satisfying due process. He has therefore abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

If his brief is liberally construed, Boatswain contends that the investigating officer should have obtained Boatswain's cousin's phone records as part of his investigation into the charge and that the failure to do so violates *Brady v. Maryland*, 373 U.S. 83 (1963). Even if *Brady* applies to prison disciplinary proceedings, Boatswain has failed to state a claim for a *Brady* violation as he has not shown that prison authorities suppressed any favorable evidence. *See Murphy v. Johnson*, 205 F.3d 809, 814 n.2 (5th Cir. 2000). Instead, his argument is that prison authorities should have obtained the

allegedly favorable phone records for him.  This argument does not give rise to a cognizable claim as *Brady* does not mandate that the prosecution investigate and obtain exculpatory evidence for the defendant.  *See United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990).

The district court's judgment is AFFIRMED.